Steven J. German - State Bar No. 014789
Scott B. Seymann – State Bar No. 027215
**ADELMAN GERMAN, P.LC.**
8245 North 85th Way
Scottsdale, Arizona 85258
Telephone (480) 607-9166
Facsimile (480) 607-9031
steve@adelmangerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| BENJAMIN McCLURE, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>COUNTRY LIFE INSURANCE COMPANY, dba COUNTRY FINANCIAL, previously doing business as COUNTRY COMPANIES; DOES 1-10; ROES 1-10.<br><br>          Defendant. | **NO.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Breach of Contract; Insurance Bad Faith**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Benjamin McClure alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff Benjamin McClure (hereinafter "McClure" or "Plaintiff") is a resident of Maricopa County, residing in Peoria, Arizona. McClure was an Arizona resident at all relevant times herein.

1

2. Defendant Country Life Insurance Company dba Country Financial, at the time of the issuance of the subject policy, was doing business as Country Companies, ("COUNTRY" or "Defendant"). COUNTRY is an insurance company with its principal place of business in Bloomington, Illinois.

3. At all times relevant Defendant COUNTRY was duly licensed to sell individual disability insurance in the State of Arizona and engaged in the business of issuing policies of insurance to Arizona residents. Defendant caused acts to occur in Arizona out of which this Complaint arises and is therefore subject to Arizona's insurance laws, statutes, and regulations.

4. Defendants Does 1-10 and Roes 1-10 are fictitiously identified Defendants who, upon information and belief, committed wrongful acts that caused or contributed to Plaintiff's injuries, damages, and claim. When the true identity of these Defendants is known, leave of this Court will be sought to amend this Complaint accordingly. Upon information and belief, some of the Doe and Roe Defendants are and were at all times relevant herein employees, servants, and actual (or ostensible) agents of other Defendants, and acting within the scope of their employment or agency.

5. Jurisdiction and venue are appropriate in this Court.

**GENERAL ALLEGATIONS**

6. Plaintiff re-alleges the allegations above as though fully restated herein.

7. On or about November 7, 1995, Defendant COUNTRY sold and then issued an Individual Disability Income Policy (Policy No: H373449) (hereinafter, the "Policy") to the Plaintiff. The Policy provides a monthly individual disability income

benefit (and other benefits) in the event Plaintiff became disabled under the terms of the Policy.

8. Plaintiff satisfied and performed all terms and conditions required of him under the Policy. He has timely paid monthly premiums throughout the Policy's existence, and the Policy has otherwise been in effect at all relevant times.

9. The Policy provided a total monthly benefit of no less than $1,500.00 upon proof of disability.

10. The Policy defines "disability" as a:

> [c]ontinuous inability to perform substantially all important duties of your regular occupation because of your injury or sickness. After benefits have been paid for two years, it means continuous inability to engage in any occupation because of your injury or sickness.

11. The Policy defines Regular Occupation as, "your occupation at the time disability begins."

12. The Policy defines Any Occupation as, "any occupation in which you could be expected to engage. Consideration is given to your education and training or experience."

13. At all times relevant hereto, Plaintiff's regular occupation was that of a Manager of the Contact Call Center for Progressive Insurance. His duties included managing over 100 call center employees and supervisors.

14. On November 26, 2012 Plaintiff suffered a traumatic brain injury with post-concussive syndrome when he accidentally walked into a pole, striking his head. Ever since that incident Plaintiff suffers from memory loss, intermittent seizures,

3

headaches, vertigo, confusion, fatigue, difficulty focusing, and an inability to multi-task, among many other symptoms.

15. As a result of plaintiff's injury, and since November 26, 2012, Plaintiff has been periodically hospitalized, and requires ongoing medical care and therapy. He has restrictions that include an inability to drive, requires assistance with activities of daily living, and suffers from attendant medical conditions and symptoms, making him unable to engage in his regular or any other occupation for which he is reasonably trained, educated, or experienced.

16. As a result of the brain injury suffered on November 26, 2012, Plaintiff has been unable to perform substantially all important duties of his regular occupation and is unable to and has not continuously engaged in any occupation.

17. Plaintiff timely submitted a claim for benefits under the Policy, and in January 2013, Defendant COUNTRY opened a claim and sometime later began paying Plaintiff a monthly disability benefit of $1,500.00.

18. The Policy calls for a waiting period of 90-days from the date of disability, and thereafter insurance premiums are waived while the insured remains disabled.

19. On September 26, 2013 Defendant notified Plaintiff of the waiver of premium benefit and refunded premium payments Defendants collected from the Plaintiff during the waiver period.

20. While paying monthly benefits, Defendant gathered and is in possession of Plaintiff's medical records as well as certifications of disability from Plaintiff's

treating physicians, which more fully describe the conditions that permanently restrict and limit Plaintiff from practicing both his "regular" or "any" occupation.

21. On December 17, 2013, and over a year after Plaintiff was first injured, Defendant COUNTRY notified Plaintiff that its review of medical correspondence from Plaintiff's treating physicians did not support disability from a physical standpoint of performing the job duties of an Insurance Manager and requested a neuropsychological evaluation and additional medical information.

22. On February 10, 2014 Plaintiff underwent a neuropsychological evaluation and testing.

23. On April 21, 2014 Defendant COUNTRY issued its final monthly disability benefit payment to Plaintiff in the amount of $1,500.00.

24. On April 23, 2014, Defendant COUNTRY wrote to Plaintiff and advised that it was denying his claim on the basis that the medical information did not show physical or cognitive impairments resulting from his injury that would be expected to prevent him from performing the duties of his regular occupation.

25. Plaintiff has not been able to return to his regular occupation or any occupation as a result of the brain injury he suffered on November 26, 2012. He has restrictions and limitations that prevent him from working and is "totally disabled" as defined by the Policy.

26. Defendant COUNTRY undertook an outcome based investigation designed to lead to the denial of Plaintiff's claim.

27. Defendant COUNTRY again refused to pay benefits owed under Plaintiff's Policy after Plaintiff notified Defendant months later that he was hospitalized and underwent significant medical treatment and care for his brain injury since the initial April 2014 claim denial.

28. Defendant COUNTRY did not request medical records, did not perform a follow-up investigation, and otherwise repeatedly failed to fairly and objectively evaluate medical information and other evidence (a) at the time it first denied the claim and (b) thereafter when Plaintiff reported he remained disabled, had not returned to work, was hospitalized, and underwent significant care and treatment over a year following Defendant COUNTRY's denial of his claim.

29. Plaintiff continues to suffer financial distress and damage to his credit reputation, emotional, mental, and physical harm, and other injuries and damages as a direct and proximate result of Defendant COUNTRY's wrongful refusal to pay benefits owed per the Policy, and as a result of its violations of other Arizona's statutes, regulations and case law defining standards for claim handling processes and procedures.

30. Plaintiff was forced to retain the services of an attorney to seek and secure benefits under the Policy that are wrongfully being withheld by Defendant COUNTRY, while Defendant COUNTRY continues to wrongfully collect premiums that would have been waived had Plaintiff's claim been honored.

31. Plaintiff is making a claim for recovery of reasonable attorneys' fees per A.R.S. §12-341.01, and the costs he is forced to incur herein, along with pre-and post-judgment interest at the legal rate.

32. The amount in monthly disability benefits Defendant COUNTRY owes, and will continue to owe in the future, is "liquidated" to the extent it can be readily calculated and has in the past been formally demanded. Therefore, Plaintiff is entitled to pre-judgment interest on monies wrongfully withheld.

33. Defendant acted and continues to act with an "evil mind," and with a conscious disregard of the rights and entitlements of Plaintiff to such an extent and in such a fashion so as to justify the imposition of punitive and exemplary damages. These damages, along with other contractual and extra-contractual damages, are expressly sought to punish Defendant and to deter other insurance companies from the same or similar bad faith claims handling practices.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

34. Plaintiff re-alleges the above allegations as though fully set forth herein.

35. Defendant COUNTRY is in breach of its contract with the Plaintiff by refusing to pay monthly individual disability income benefits legitimately owed per the Policy beginning in April 2014 and continuing into the future.

36. Defendant also breached its contract with Plaintiff by refusing to waive insurance premiums per the Policy while Plaintiff remains disabled.

37. Defendant breached its contract by charging, accepting, and holding onto insurance premiums paid by Plaintiff (and the interest earned on those premiums), which should have been waived per the Policy's terms.

38. Plaintiff remains "totally disabled" as defined under the Policy, and is owed "total disability" and other benefits under the Policy.

39. Defendant continues to breach its promises and the terms of the Policy by refusing to pay disability insurance benefits owed Plaintiff because of his ongoing disability.

40. Defendant owes Plaintiff individual disability income benefits of no less than $1,500 per month plus interest on those benefits beginning in April 2014 and continuing until the jury renders a verdict in this case, and into the future.

41. As a result of Defendant's contractual breaches and its bad faith conduct as more fully described herein, Plaintiff is entitled to an acceleration of all future benefits owed under the Policy.

42. As a direct and proximate result of the Defendant's breaches, Plaintiff has incurred damages in a sum total to be proved at the time of trial, but which are liquidated and now owed.

43. This matter arises out of contract (the Policy), and the Plaintiff is entitled to reasonable costs and attorneys' fees pursuant to A.R.S. §12-341 and §12-341.01, as well as pre-and post-judgment interest.

8

44. Plaintiff is also entitled to recover attorneys' fees, costs and out of pocket expenses he incurs to recover insurance benefits that the Defendant owes, as a separate component of his economic damages.

## SECOND CLAIM FOR RELIEF

### (Insurance Bad Faith - Breach of Covenants of Good Faith and Fair Dealing)

45. Plaintiff re-alleges the above allegations as though fully stated herein.

46. Defendant owes Plaintiff duties of good faith and fair dealing as part of the handling of Plaintiff's claim under the Policy.

47. The duties Defendant owes to Plaintiff include but are not limited to a prompt, thorough and fair handling of his claim, and payment of benefits without unreasonable delay. Defendant is required to give equal considerations to Plaintiff and cannot place its own interests ahead of those of Mr. McClure.

48. Defendant has breached and continues to breach duties of good faith and fair dealing owed to the Plaintiff.

49. Defendant wrongfully, and in violation of the above described duties of good faith and fair dealing, withheld, delayed, denied, and continues to deny and withhold Plaintiff disability insurance benefits owed under the Policy.

50. Defendant failed to conduct a reasonable investigation into Plaintiff's claim, and instead engaged in an outcome based investigation designed to lead to the denial of Plaintiff's claim.

51. Defendant failed to reasonably and fairly investigate Plaintiff's claim, failed to take reasonable measures to ensure prompt payment of Plaintiff's claim, and deliberately conducted a biased investigation for the wrongful and purposeful intent to avoid paying Plaintiff benefits owed under his Policy.

52. Defendant COUNTRY repeatedly failed to fairly and objectively evaluate medical information and other evidence, and ignored information in medical records that clearly supported Plaintiff's claim for disability.

53. Defendant violated and continues to violate duties of good faith and fair dealing owed to Plaintiff by (1) relying on non-treating, non-examining medical professionals who are biased and do not qualify to render medical opinions regarding Plaintiff McClure's claim, by (2) relying on non-treating and non-examining personnel who have not considered the totality of Plaintiff's medical records and conditions, and (3) have and continue to act unreasonably by denying Plaintiff McClure's claim without medical foundation to do so.

54. Defendant COUNTRY failed to conduct an investigation into Plaintiff's claim when requested to do so in 2014 and 2015, and failed and continues to fail to provide any reasonable or legitimate explanation for its claims decisions.

55. Defendant unreasonably interpreted its Policy provisions to its advantage disregarding the interests of the Plaintiff.

56. Defendant unreasonably interpreted Arizona statutes, laws, and regulations applicable to its Policy provisions.

57. Defendant purposefully intended to injure Plaintiff and/or acted to serve its own interests, having reason to know and consciously disregarding the substantial risk that its conduct would significantly injure Plaintiff financially, emotionally, mentally, and physically; and, would cause anger, frustration, emotional, mental, and physical pain and suffering, among other things.

58. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered significant damages and injuries that have affected and will continue to affect his life.

59. Defendant COUNTRY's refusal to pay past individual disability income insurance benefits, and its refusal to pay disability benefits currently owed and those that will be owed in the future, have directly and proximately caused special and compensatory damages, and have created a significant foundation for exemplary and punitive damages, in an amount to be proved at trial.

60. Plaintiff is owed past and current disability benefits under the Policy, as well as an acceleration of future benefits as a direct and proximate result of Defendant's tortious conduct and bad faith refusal to honor the Policy and/or to fairly, timely and/or thoroughly investigate the Plaintiff's accident related disability claim.

61. As a further direct and proximate result of Defendant COUNTRY's misconduct, Plaintiff has suffered and will continue to suffer, anxiety, worry, frustration, mental, psychological and emotional distress, physical distress, loss of stability (financial and emotional), loss of earnings, and physical pain, all in amounts to be proved at trial.

62. As a further direct and proximate result of Defendant's misconduct, the Plaintiff incurred and will continue to incur other special damages in amounts to be proved at trial.

63. As a further proximate result of Defendant's conduct, Plaintiff has incurred other losses, lost opportunities, and suffered a decrease in the enjoyment and quality of his life (i.e., hedonic losses), all in amounts to be proved at trial.

**WHEREFORE**, Plaintiff requests a trial by Jury, and seeks damages against Defendant, as follows:

   a. Contractual damages for disability benefits owed under the Policy, and a refund of premiums Plaintiff paid while disabled under the Policy;

   b. Damages for failure to provide Plaintiff "total disability" benefits (past, ongoing, and accelerated future benefits) under the applicable coverage, together with a refund of premiums paid by Plaintiff while he remains disabled, in an amount to be determined at trial;

   c. Compensatory damages (past and future) for: mental, psychological and emotional damages; physical distress and injury; pain and suffering, loss of enjoyment of life, damage to credit reputation, and other damages in an amount to be determined at trial;

   d. An assessment of punitive and exemplary damages in an amount to be determined at trial to punish, deter and set an example of Defendant;

e. Pre-and post-judgment interest based on the liquidated amounts owed to Plaintiff, including disability benefits owed and monetary refunds for insurance premiums that Defendant wrongfully collected from Plaintiff;

f. An award of future disability benefits from the date of the jury's verdict until the maximum benefit period under the Policy;

g. Reasonable attorneys' fees pursuant to A.R.S. Section 12-341.01;

h. All litigation costs incurred; and

i. For whatever other relief the Court deems proper.

## **TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure 38(b) Plaintiff has demanded a trial by jury.

Dated this 21st day of December, 2015.

**ADELMAN GERMAN, P.L.C.**

By: *Steven J. German*
Steven J. German
Scott B. Seymann
8245 North 85th Way
Scottsdale, Arizona 85258

*Attorneys for Plaintiff*