**UDALL LAW FIRM, LLP**
**ATTORNEYS AT LAW**
**2198 E. Camelback Road, Suite 375**
**Phoenix, AZ  85016**
**Telephone: 602-222-4848**
**Fax: 602-222-4858**
minuteentries@udalllaw.com

Thomas P. Burke, II SBN 9631
Bret S. Shaw SBN 31732
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin McClure, an individual,<br><br>                          Plaintiff,<br><br>vs.<br><br>Country Life Insurance Company, dba Country Financial, previously dba Country Companies; Does I-10; Roes 1-10;<br><br>                          Defendants. | NO.   CV15-02597-PHX-DLR<br><br>**DEFENDANTS' TRIAL BRIEF NO. 2 RE *SELL*** |

This trial brief addresses the following issue of law listed in the parties' Final Joint Pretrial Order: Whether evidence of similar bad faith practices by Defendants is relevant and admissible.

This issue truly relates to a different litigation between plaintiff's counsel and Country Life, *Sell v. Country Life.* It is the subject of defendants' Motion in Limine Number One. (Doc. 279). This Court should preclude plaintiff from presenting evidence from *Sell* because it is irrelevant or, alternatively, unfairly prejudicial.

/ / /

/ / /

1

UDALL LAW FIRM, LLP
2198 E. CAMELBACK ROAD, SUITE 375
PHOENIX, ARIZONA 850016
(602) 222-4848

## I.     BACKGROUND

There is no overlap between the two separate claims that serve as the basis of this litigation and *Sell*. The claims were made on different insurance policies with different requirements for eligibility, were handled at different times, and were handled by different personnel. Indeed, at the time that Country Life made its original claims decision in April 2014 in this case, Country Life's claims department had a different supervisor, a different medical reviewer, and used a different claims analyst than were involved in the *Sell* claim.

Plaintiff lists as an exhibit an order from *Sell* in which the *Sell* court found that Country Life had not acted consistently with its discovery obligations and entered a default judgment against Country Life as a sanction. The order has nothing to do with the merits of the *Sell* plaintiff's claims; it deals with case-specific discovery in that litigation. In addition to discussing the alleged discovery violations, which Country Life disputes, the order questions the credibility of certain Country Life employees, only one of whom was involved in this plaintiff's claim but whose involvement in *Sell* was limited to the lawsuit itself, not the underlying claim. The *Sell* order also questions the credibility of Country Life counsel. During discovery here, plaintiff questioned in deposition Country Life employees regarding the *Sell* litigation, focusing on what changes, if any, Country Life had made as a result of the *Sell* order which was based on discovery disputes in that lawsuit.

## II.     ANALYSIS

There are several reasons that *Sell* should be kept out of this litigation. First, the order disclosed by plaintiff is hearsay—an out-of-court statement that will be offered for the truth contained therein. Courts nationwide have rejected attempts to introduce decisions and their findings of facts from other courts because they are hearsay. *See e.g. Auguste v. Sullivan*, 2009 WL 807446 (D. Colo); *Herrick v. Garvey,* 298 F.3d 1184 (10th Cir.2002); *Nipper v. Snipes*, 7 F.3d 415 (4th Cir. 1993); *Brooks v. Schults*, 333 F.Supp.2d 678 (E.D. Tenn. 2004). Indeed, *Brooks*, a civil rights action, saw the Eastern District of Tennessee reject a plaintiff's attempt to introduce portions of a State Court transcript from a related criminal case that included the State Court's oral rulings and reasons for those rulings,

UDALL LAW FIRM, LLP
2198 E. CAMELBACK ROAD, SUITE 375
PHOENIX, ARIZONA 850016
(602) 222-4848

including, like here, credibility determinations. *Brooks*, 333 F.Supp.2d at 679-80. This Court should follow suit and preclude plaintiff from introducing the order from *Sell* into evidence.

Second, other evidence from *Sell* that plaintiff wants to introduce should be precluded because that "evidence" is irrelevant to plaintiff's claim in this case. Thus, pursuant to Federal Rule of Evidence 402, it should be precluded. Specifically, testimony regarding the discovery issues in another case is irrelevant to plaintiff's claims here. Furthermore, this evidence should also be precluded pursuant to Rules 403 and 404. The analysis here is intertwined. Evidence of the sanctions against Country Life are prohibited under Rule 403 because they are likely to mislead the jury or confuse the issues. Similarly, such evidence is really character evidence, which is prohibited under Rule 404. Finally, any evidence related to changes made by Country Life as a result of the *Sell* decision is barred by Federal Rule of Evidence 407.

Plaintiff should be barred from presenting *Sell*-related evidence.

DATED this 9th day of August, 2017.

UDALL LAW FIRM, LLP

/s/Bret S. Shaw
Thomas P. Burke, II
Bret S. Shaw
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of August, 2017, a copy of the foregoing **DEFENDANTS' TRIAL BRIEF NO. TWO RE** *SELL* was *electronically* filed with the clerk of the court, United States District Court, Arizona, and a copy e-served to all related parties via the court's CM/ECF system, as follows:

Steve German, Esq.
ADELMAN GERMAN, P.L.C.
8245 N. 85th Way
Scottsdale, AZ  85258

and

Steve C. Dawson
Anita Rosenthal
Sander R. Dawson
DAWSON & ROSENTHAL, P.C.
25 Schnebly Hill Road
Sedona, AZ  86336-4233

Attorneys for Plaintiff


/s/Michelle Bryant
Michelle Bryant

(21731-3C)

UDALL LAW FIRM, LLP
2198 E. CAMELBACK ROAD, SUITE 375
PHOENIX, ARIZONA 850016
(602) 222-4848