**UDALL LAW FIRM, LLP**
ATTORNEYS AT LAW
2198 E. Camelback Road, Suite 375
Phoenix, AZ  85016
Telephone: 602-222-4848
Fax: 602-222-4858
minuteentries@udalllaw.com

Thomas P. Burke, II SBN 9631
Bret S. Shaw SBN 31732
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin McClure, an individual, | NO.   CV15-02597-PHX-DLR |
| Plaintiff, | **DEFENDANTS' TRIAL BRIEF NO. 3 RE SRI BENEFIT** |
| vs. | |
| Country Life Insurance Company, dba Country Financial, previously dba Country Companies; Does I-10; Roes 1-10; | |
| Defendants. | |

    This trial brief addresses the following issue of law listed in the parties' Final Joint Pretrial Order: Whether Country Life is contractually and extra-contractually liable to Mr. McClure for refusing to pay Social Insurance disability benefits since April 23, 2014.

    Country Life believes that this Court should, for the most part, address this issue as it did in its ruling on plaintiff's Motion for Partial Summary Judgment.[1] Put simply, Country Life is not bound by its contract to pay plaintiff Social Insurance benefits dating back to

---

[1] This issue was fully briefed to the Court in defendants' Response to Plaintiff's Motion for Partial Summary Judgment. That Response is incorporated by this reference, and defendants ask this Court to review that briefing before deciding this issue.

1

April 23, 2014 forward. The reasonable expectations doctrine does not support those benefits either. Finally, plaintiff is not owed extra-contractual damages for Country Life's failure to pay the Social Insurance benefit.

## I.    FACTS

The facts are spelled out in the pleadings related to plaintiff's Motion for Summary Judgment. To summarize, part of plaintiff's policy includes a Social Insurance Rider ("SIR") benefit, which is payable when the social insurance benefits, such as Social Security Disability benefits, do not exceed the amount of the SIR benefit. Up to Country Life's denial of plaintiff's claim in April 2014, Country Life was paying plaintiff a monthly SIR benefit.

In November 2016, Country Life resumed plaintiff's benefits as a result of its review of records collected during litigation, paying back benefits to June 2014. Because plaintiff had previously been approved for Social Security Benefits in May 2016, dating back to December 2012, Country Life did not pay plaintiff SIR benefits for the period between June 2014 and May 2016.

## II.    THE POLICY

The relevant language in the policy to this issue is as follows:

**Defining the SIR:**
This rider pays monthly benefits when the policy pays monthly benefits. An adjustment may be made for cost of living. The amount of the rider monthly benefit is the maximum monthly benefit of the rider less benefits from social insurance. Social insurance means:

> A. United States Social Security Disability Insurance (The family benefit);
> B. Workers' compensation and occupational disease laws;
> C. No fault automobile insurance law or insurance to provide benefits under such law;
> D. State cash sickness disability laws; and
> E. Similar state and federal laws.

UDALL LAW FIRM, LLP
2198 E. CAMELBACK ROAD, SUITE 375
PHOENIX, ARIZONA 85016
(602) 222-4848

Your benefits from social insurance may increase because of an increase in the cost of living. That increase does not change the benefits of this rider.

When you are eligible for benefits from social insurance, you must apply. This includes reapplication, rehearing or appeal as necessary. You must provide us proof of your application and the results.

This rider ends on the day you reach age 65, or the day you retire, if earlier.

Benefits and premium for the rider also end on that date.

In all other respects, the provisions of the policy apply to this rider.

**Defining the Benefit:**
We pay monthly benefits for the benefit period during disability after the deductible period.

**Defining Disability:**
Disability means continuous inability to perform substantially all important duties of your regular occupation because of your injury or sickness. After benefits have been paid for two years, it means continuous inability to engage in any occupation because of your injury or sickness.

**Defining Proof of Loss:**
You must provide us written proof of disability.

### III.   CONTRACT DAMAGES

Plaintiff first claims that Country Life owes these damages under the contract. A breach of contract depends on the language found within the contract. Here, the contract states that plaintiff is required to submit proof of loss to Country Life to qualify for benefits. Thus, under the clear terms of the contract between Country Life and plaintiff, plaintiff's claim at issue here could only be evaluated following Country Life's receipt of a proper proof of loss.

1 Further, depending on the policy, part of Country Life's evaluation of a claim may involve evaluating whether a claimant is entitled to a SIR benefit. This evaluation, which is required by plaintiff's policy, obligates Country Life to compare the maximum monthly SIR benefit against benefits an insured receives from social insurance and reduce the SIR benefit dollar-for-dollar by the amount of social insurance benefits received. Under the policy, social insurance includes social security disability benefits. If the social insurance benefits exceed the maximum monthly SIR benefit, then a claimant will not receive SIR payment. If the social insurance benefit does not exceed the SIR benefit, a claimant will receive an SIR payment.

Here, plaintiff provided information for his proof of loss as a part of this litigation. When that proof of loss was analyzed, Country Life determined that plaintiff had presented a new basis through those records, anxiety and depression, to allow Country Life to reconsider paying him disability benefits. At the same time, Country Life also analyzed whether plaintiff was owed SIR benefits arising from this new basis. It determined, however, that plaintiff's SIR benefit, less the SSDI benefit that he received, was less than zero. As a result, Country Life was not obligated to pay the SIR benefit under the policy. Because Country Life made its benefit payments based upon what it was obligated to pay under the policy, there was no breach. Plaintiff is not owed these contractual benefits under a breach of contract theory.

## IV.  REASONABLE EXPECTATIONS DOCTRINE

In its order denying plaintiff's Motion for Summary Judgment, the Court noted that an issue of fact precluded it from granting summary judgment in plaintiff's favor regarding the reasonable expectations doctrine, implying that plaintiff may recover his SIR benefit for the time period between April 23, 2014 and the award of disability benefits in May 2016 should plaintiff prevail on his bad faith claim. Country Life does not agree with the Court's application of the reasonable expectations doctrine to this case.

The reasonable expectations doctrine relieves an insured from "certain clauses of an agreement which he did not negotiate, probably did not read, and probably would not have understood had he read them." *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 394, 682 P.2d 388, 399 (1984). It "<u>only</u> applies under certain limited circumstances." *State Farm Fire & Cas. In. Co. v. Grabowski*, 214 Ariz. 188, 192, ¶ 14, 150 P.3d 275, 279 (App. 2007), as amended (Jan. 29, 2007) (emphasis added). "The doctrine does not, however, operate to add coverage where such coverage is nowhere stated in the policy." *Gregorio v. GEICO Gen. Ins. Co.*, 815 F. Supp. 2d 1097, 1101 (D. Ariz. 2011), aff'd, 535 Fed. Appx. 545 (9th Cir. 2013).

Here, the only way to provide plaintiff an SIR benefit from April 2014 until Social Security's 2016 award would be to add language to plaintiff's policy. There is no language that one could remove from these sections that would provide plaintiff benefits in this circumstance. Instead, the Court would have to add language that requires Country Life to pay plaintiff the SIR benefit if Country Life later reverses a claims decision and if an insured had received Social Security approval in the interim. This is not the purpose of the reasonable expectations doctrine. Similarly, the doctrine should not be used to award plaintiff SIR benefits for the period after his Social Security award. This would require the same types of additions that the doctrine forbids.

## V.   **EXTRA-CONTRACTUAL DAMAGES**

If, however, Country Life does owe these benefits, plaintiff is still not owed extra-contractual damages for Country Life's breach. Plaintiff may only recover extra-contractual damages if he demonstrates that Country Life acted in bad faith. Under Arizona law, an insurer is only liable for bad faith if it acted unreasonably and knew it was acting unreasonably. *Rawlings v. Apodaca,* 151 Ariz. 149, 160, 726 P.2d 565, 576 (1986). The

5

analysis above demonstrates that Country Life's decision to only pay plaintiff his base benefit was the result of a reasonable interpretation of its contract with plaintiff.

DATED this 9th day of August, 2017.

                              UDALL LAW FIRM, LLP

                              /s/Bret S. Shaw
                              Thomas P. Burke, II
                              Bret S. Shaw
                              Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of August, 2017, a copy of the foregoing **DEFENDANTS' TRIAL BRIEF NO. 3 RE SRI BENEFIT** was *electronically* filed with the clerk of the court, United States District Court, Arizona, and a copy e-served to all related parties via the court's CM/ECF system, as follows:

>Steve German, Esq.
>ADELMAN GERMAN, P.L.C.
>8245 N. 85th Way
>Scottsdale, AZ  85258
>
>and
>
>Steve C. Dawson
>Anita Rosenthal
>Sander R. Dawson
>DAWSON & ROSENTHAL, P.C.
>25 Schnebly Hill Road
>Sedona, AZ  86336-4233
>
>Attorneys for Plaintiff
>
>
>    /s/Michelle Bryant
>    Michelle Bryant

(21731-3C)

UDALL LAW FIRM, LLP
2198 E. CAMELBACK ROAD, SUITE 375
PHOENIX, ARIZONA 850016
(602) 222-4848

7