**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin McClure, | No. CV-15-02597-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Country Life Insurance Company, et al., | |
| Defendants. | |

In this insurance bad faith case, the insurance carrier Defendants have asked the Court on the day before trial to allow untimely disclosed medical records to be added to the claims file for use as a trial exhibit. For two years, Plaintiff has been arguing that Defendants should have obtained these records when they processed his disability benefits claim. Plaintiff objects to the admission of the newly discovered records pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. The parties have briefed the issues and the Court heard oral argument on August 23, 2017. For the following reasons, the Court will exclude the untimely disclosed medical records from evidence at trial.

**I. Background**

Plaintiff purchased a disability insurance policy from Defendants in 1995. Plaintiff submitted a claim for disability benefits after sustaining a disabling head injury, which Defendants initially approved. In April 2014, however, Defendants terminated

benefits after concluding that Plaintiff's records no longer supported disability. Plaintiff brought this action against Defendants in December 2015, alleging that they breached the insurance contract and administered his claim in bad faith. Plaintiff contends, *inter alia*, that Defendants failed to obtain relevant medical records when evaluating his claim.

The parties have completed extensive discovery, including depositions of Plaintiff, the claim adjusters, adjuster supervisors, medical providers, and experts. The deadline for expert depositions was March 1, 2017. Summary judgment motions filed by all parties were denied, and the case is set for a jury trial to commence on August 24, 2017. In preparation for trial, the parties lodged a Joint Proposed Final Pretrial Order on August 9, 2017, and an amended pretrial order and "Notice of Errata" on August 15, 2017. The Joint Proposed Pretrial Order and Notice of Errata contain a list of exhibits, including Plaintiff's Exhibit No. 1, "Claim File (COUNTRY MCCLURE 001-381)," to which Defendants did not object.

On August 16, 2017, however, counsel for Defendants, Thomas Burke, sent an email to Plaintiff's counsel, Steven Dawson, informing him that he discovered during trial preparation that, due to a copying error, "some of Dr. Turner's and Dr. Foltz's records in the claim file were not included in the produced copy," and attaching a copy of the missing records. Dr. Turner is Plaintiff's primary care physician and Dr. Foltz is his neurologist. Of importance, Dr. Turner's records include portions of Plaintiff's hospitalization records regarding a psychiatric hospitalization. These records do not appear anywhere else in the claims file that Defendants initially disclosed to Plaintiff. Accordingly, Plaintiff alleged and his experts opined that Defendants made coverage determinations without obtaining or considering the records of his psychiatric hospitalization. Mr. Burke nonetheless requested that Mr. Dawson agree to add the records attached to his email as a trial exhibit. Mr. Dawson declined Mr. Burke's request in an email sent the next day.

On August 21, 2017, Plaintiff filed a "Request for Emergency Telephonic Hearing" raising the issue with the Court. Plaintiff argues that the newly discovered

records should be excluded from trial because they were not timely disclosed, and the untimely disclosure was neither substantially justified nor harmless.

**II. Legal Standard**

Federal Rule of Civil Procedure 26(a) requires parties to disclose certain information pertinent to the case. A party is obligated to supplement a Rule 26(a) disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete[.]" Fed. R. Civ. P. 26 (e)(1)(A). "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Where appropriate, the Court has discretion to impose alternative sanctions. *Id.*

**III. Discussion**

In an insurance bad faith case, the insurance claims file "constitutes the only source of information relevant to whether the insurer has a good faith basis for its decision." Steven Plitt *et al.*, *17A Couch on Insurance*, § 251:27 (3d ed. 2017). Indeed, Defendants produced the claims file with the understanding and intent that Plaintiff would rely on the contents of that file when investigating and litigating his bad faith claim, and Plaintiff's bad faith claim and Defendants' defenses are substantially based on the claims file produced by Defendants. The Court therefore finds that the claims file is a "Required Disclosure" under Rule 26(a)(1). Accordingly, to allow Defendants to use this newly discovered claims file information at trial, the Court must find either that Mr. Burke's August 16, 2017 email was a timely filed supplement under Rule 26(e)(1), or that Defendants' failure to disclose was substantially justified or harmless under Rule 37(c)(1).

**A. The August 16, 2017 email was not a timely supplement**

Defendants disclosed a mere eight days before trial that the claims file was incomplete and approximately sixty pages of relevant medical records had inadvertently been omitted. This is not a timely supplement under Rule 26(e)(1). Plaintiff relied on the

disclosed claims file during pretrial discovery. Plaintiff disclosed expert opinions and pursued a bad faith claim based, in part, on Defendants' failure to obtain or consider these missing records. During the course of discovery, defense witnesses did not volunteer that they had these records in the claims file when asked about them. When Plaintiff's expert was deposed in February 2017, she offered opinions based on Defendants' failure to obtain these records. Discovery is complete, and theories and expert opinions are locked in by reports and depositions. Disclosure approximate a week before trial is untimely.

### B. The untimely disclosure is not substantially justified

The Court finds that there is no substantial justification for the nondisclosure of the missing records. Defendants claim that their failure to disclose the missing medical records was due to a "copying error." Although Plaintiff has not had the opportunity to investigate or explore the reasons for the nondisclosure, for purposes of this order the Court credits Defendants' explanation. Mere inadvertence in copying the single most important exhibit in this case, however, is not substantial justification.

### C. The untimely disclosure is not harmless

The Court also finds that the untimely disclosure is prejudicial. Defendants contend otherwise, arguing that Plaintiff should have gleaned that the missing records were contained in the claims file. Specifically, the missing records were in the file of Dr. Strupinsky, one of the doctors who examined Plaintiff at Defendants' request, and Defendants contend that Plaintiff should have deduced that these records came from the claims file. But Defendants' argument is unpersuasive for three reasons. First, it places the burden on Plaintiff to guess that there are records not in the claims file that he should be trying to locate from other files. Rule 26, however, places an affirmative disclosure obligation on Defendants, not a guessing obligation on Plaintiff. Second, there is no indication that Plaintiff was directly told that the information in Dr. Strupinsky's file came solely from the claims file. Third, Mr. Dawson contends that the records in the claims file and in Dr. Strupinsky's file are inconsistent. The Court cannot conclude that

Plaintiff should have deduced that there were records missing from the claims file.

The untimely disclosure of these missing records comes after the close of discovery, and Plaintiff has relied on the produced version of the claims file both in crafting his theories of liability and in obtaining expert opinions on the contents of the claims file. Under these circumstances, allowing Defendants to use the missing records at trial would not be harmless.

### D. Exclusion is the most appropriate sanction

Lastly, the Court has considered alternative sanctions to excluding the missing records—such as allowing the records to be used at trial but instructing the jury on the untimely disclosure—but finds that none adequately mitigate the prejudice to Plaintiff. First, Plaintiff does not concede that the missing records were, in fact, contained in the claims file all along. To allow, at the eleventh hour, these records to be added as a trial exhibit, or to permit a witness to testify about the alleged copying error, would not afford Plaintiff an opportunity to conduct discovery into this newly arisen factual issue. Second, there is no fair, non-prejudicial method of amending the claims file at trial when Plaintiff has litigated this case for two years in reliance on the completeness of the file as originally produced. Accordingly, the Court finds that exclusion is the most appropriate remedy.

### IV. Conclusion

For the foregoing reasons, the Court finds that the newly discovered medical records were not timely supplemented under Rule 26(e)(1), nor is the untimely disclosure substantially justified or harmless under Rule 37(c)(1). Moreover, under the circumstances, exclusion of the untimely disclosed evidence is the only remedy that adequately mitigates the prejudice to Plaintiff.

*//*

*//*

*//*

*//*

**IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 37(c)(1), Exhibit No. 1 shall not be supplemented to add missing claims file records that were not timely disclosed, and there shall be no mention of records allegedly contained in the claims file that were not contained in the claims file timely produced by Defendants.

Dated this 28th day of August, 2017.

Douglas L. Rayes
United States District Judge