**UDALL LAW FIRM, LLP**
ATTORNEYS AT LAW
2198 E. Camelback Road, Suite 375
Phoenix, AZ  85016
Telephone: 602-222-4848
Fax: 602-222-4858
minuteentries@udalllaw.com

Thomas P. Burke, II SBN 9631
Elizabeth Fleming SBN 025322
Bret S. Shaw SBN 31732
Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin McClure, an individual,<br><br>                              Plaintiff,<br><br>vs.<br><br>Country Life Insurance Company, dba Country Financial, previously dba Country Companies; Does I-10; Roes 1-10;<br><br>                              Defendant. | NO.   CV15-02597-PHX-DLR<br><br>**DEFENDANTS' TRIAL BRIEF REGARDING LUMP SUM BENEFIT** |

      Defendants Country Life Insurance Company and CC Services ask that this Court consider the following when determining whether plaintiff may be owed future benefits. Defendants maintain that he is not owed future benefits given that his benefits are currently being paid and the policy has not been repudiated.

      The cases cited to by plaintiff in his jury instruction regarding this issue do not discuss a plaintiff receiving benefits at the time of the jury's verdict. *Hangarter v. Paul Revere Life Ins. Co*., 373 F.3d. 998 (9th Cir. 2004); *REA Express, Inc. v. Interway Corp*., 538 F.2d 953,955 (2nd Cir. 1976) (lawsuit related to breach of contract regarding stocks).

1

1  "Other states have found that an award of future damages is consistent with the general tort requirement of "direct and proximate" causation where there is evidence that (1) the insured will continue to be "entitled" to disability benefits, and (2) the insurer will continue to deny those benefits. Thus, were the Arizona Supreme Court to address this issue, it would likely hold that future policy benefits may be awarded as compensatory damages." *Greenberg v. Paul Revere Life Ins*. Co., 91 Fed. Appx. 539, 541–42 (9th Cir. 2004). This case is also cited to by plaintiff in the jury instruction. It explicitly predicates the award of future damages upon an insurer continuing to deny benefits.

The award of future benefits is generally based on the repudiation of the policy, which plaintiff has not alleged and Country Life has not done. *Cipala v. Lincoln Tech. Inst.*, 179 N.J. 45, 50, 843 A.2d 1069, 1072 (2004); *Caporali v. Washington Nat. Ins. Co*., 102 Wis. 2d 669, 672, 307 N.W.2d 218, 220 (1981); *Cont'l Cas. Co. v. Stephenson*, 112 Ga. App. 666, 666, 145 S.E.2d 825, 827 (1965); *Hage v. Unumprovident Corp.*, CIV. A. 04-5933MLC, 2008 WL 5423954, at *9 (D.N.J. Dec. 29, 2008); *Benefit Trust Life Ins. Co. v. Baker*, 487 S.W.2d 406, 410 (Tex. Civ. App. 1972); *Busse v. Paul Revere Life Ins. Co.*, 341 Ill. App. 3d 589, 598, 793 N.E.2d 779, 786 (2003); *Fanning v. Guardian Life Ins. Co. of Am.*, 59 Wash. 2d 101, 108, 366 P.2d 207, 211 (1961)..

Defendants request that the jury not be instructed that plaintiff may be owed future benefits given that his benefits are currently being paid.

DATED this 7th day of September, 2017.

UDALL LAW FIRM, LLP

/s/Bret S. Shaw
Thomas P. Burke, II
Elizabeth Fleming - 025322
Bret S. Shaw
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of September, 2017, a copy of the foregoing **DEFENDANTS' TRIAL BRIEF REGARDING LUMP SUM BENEFIT** was *electronically* filed with the clerk of the court, United States District Court, Arizona, and a copy e-served to all related parties via the court's CM/ECF system, as follows:

>Steve German, Esq.
>ADELMAN GERMAN, P.L.C.
>8245 N. 85th Way
>Scottsdale, AZ 85258
>
>and
>
>Steve C. Dawson
>Anita Rosenthal
>Sander R. Dawson
>DAWSON & ROSENTHAL, P.C.
>25 Schnebly Hill Road
>Sedona, AZ 86336-4233
>
>Attorneys for Plaintiff

>/s/EFleming
>Elizabeth Fleming

(21731-3C)